UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GABRIEL M GONZALES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-201 |
| | § | |
| G. L. CURRIE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION DISMISSING ACTION

Pending before the Court are the following: (1) Plaintiff Gonzales's Civil Rights Complaint, (D.E. 1); (2) Plaintiff Gonzales's Motion for a Preliminary Injunction, (D.E. 13); and (3) Movant Braden's Motion to Intervene as Third Party Plaintiff, (D.E. 15). On September 23, 2013, United States Magistrate Judge Jason B. Libby submitted a Memorandum and Recommendation recommending that Plaintiff's action be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and that any other pending motions be denied as moot. D.E. 16. Plaintiff timely filed his Objections on October 10, 2013. D.E. 19. Plaintiff's Objections are set out and discussed below.

First, Plaintiff "objects in whole" to the Magistrate Judge's recommendation to dismiss his suit and challenges the handling of his claim. Plaintiff asserts that the Magistrate Judge "discounted his allegations" instead of accepting them as true (D.E. 19, p. 4), failed to address the alleged violation of Plaintiff's property interest (D.E. 19, p. 6), and neglected to review Movant Braden's motion to intervene (D.E. 19, p. 18). Plaintiff

also takes issue with the Magistrate Judge's analysis of the applicability of Eleventh Amendment immunity and insists that he is suing Defendants in their individual, not official, capacities. D.E. 19, p. 4-5.

The discussion in the Memorandum and Recommendation indicates that Plaintiff's factual allegations were accepted as true, but did not rise to the level of actionable constitutional violations. Plaintiff's allegation that his property rights were violated is an example of such a deficiency, and will be discussed in further detail herein. The Magistrate Judge did address Movant Braden's motion to intervene—recommending that it be denied as moot given his recommendation to dismiss Plaintiff's action. D.E. 16, p. 22.

In addition, the Magistrate Judge appropriately recommended dismissal of all claims against Defendants in their official capacities for money damages because such claims are barred by the Eleventh Amendment. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity."). It is true that Eleventh Amendment immunity does not bar claims for injunctive relief or claims against Defendants in their individual capacities. However, the Magistrate Judge recommended dismissal of those claims on the merits, as will be addressed below. Plaintiff's general objection to the Magistrate Judge's handling of his complaint is **OVERRULED**.

Second, Plaintiff objects that Defendants are not entitled to qualified immunity. The Magistrate Judge did not address qualified immunity because it is an affirmative defense that must be raised by a defendant. Because the Court finds that Plaintiff has not

pled the violation of a constitutional right, this action fails prior to reaching any potential qualified immunity defense. Plaintiff's second objection is **OVERRULED.**

Third, Plaintiff reurges his supervisory liability claims against Defendant Currie and Defendant Barber. Plaintiff alleges that Defendants Currie and Barber were "well aware of <u>all</u> the civil rights violations upon Plaintiffs[1] . . . and [they] continuously neglected/failed to stop/correct violations in any way." (D.E. 19, p. 8 and 9) (emphasis in original).

"In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). "[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001). A plaintiff cannot obtain damages or injunctive relief from a policy maker or supervisor solely on a theory of respondeat superior. *Beattie v. Madison Cnty. School Dist.*, 254 F.3d 595, 600 n. 2 (5th Cir. 2001).

Here, Plaintiff's allegations of awareness are conclusory and he does not allege that Defendants Barber and Currie were directly involved in the alleged civil rights violations of their subordinates. As the Magistrate Judge pointed out, liability as a policymaker requires personal involvement in the constitutional violation or causal

---

[1] Despite the fact that Movant Braden's Motion to Intervene as Third Party Plaintiff (D.E. 15) had not been granted, it seems that Plaintiff Gonzales and Movant Braden filed joint objections to the Memorandum and Recommendation, (D.E. 16).

connection to the constitutional violation alleged. Accordingly, Plaintiff's third objection is **OVERRULED**.

Fourth, Plaintiff restates his claim against Defendants Barber and Hackman for racial discrimination against him in violation of the Equal Protection Clause. Plaintiff claims that Defendant Barber "personally/individually violated constitution [sic] protected rights," specifically identifying "racial discrimination, denial of equal protection and due process of law." D.E. 19, p. 8. Plaintiff alleges that Defendant Barber "treated Plaintiff intentionally different than other similarly situated inmates without any rational basis for difference in treatment." D.E. 19, p. 9. With regard to Defendant Hackman, Plaintiff claims that he has crossed several Hispanic inmates out of the craft shop without justification. D.E. 19, p. 15. Plaintiff claims to have witnesses who will testify in this regard if he were afforded a jury trial. D.E. 19, p. 15.

"Inmates have a constitutional right to be free from racial discrimination." *Bently v. Beck*, 625 F.2d 70, 70-71 (5th Cir. 1980). To make a prima facie claim for racial discrimination, a plaintiff must allege that similarly situated individuals have been treated differently and that the discrimination was purposeful or intentional. *Baranowski v. Hart*, 486 F.3d 112, 123 (5th Cir. 2007). Neither personal belief nor vague and conclusory allegations are sufficient to raise an equal protection claim. *See Woods*, 51 F.3d at 580 (concluding that the plaintiff failed to present evidence of discriminatory intent when his claim rested only on his personal belief that discrimination played a part in his remaining in lockdown).

Although Plaintiff does state that several Hispanic inmates have been "crossed out of the craft shop without justification" by Defendant Hackman and that Defendant Barber "treated Plaintiffs intentionally different than other similarly situated inmates without any rational basis for difference in treatment," his allegations fail to state a claim because any suggestion of discriminatory intent by Defendants Barber and Hackman is based on nothing more than Plaintiff's personal belief and is conclusory.  Plaintiff's averment that he has "several witnesses" who will testify in this regard should he be afforded a trial by jury is inadequate to meet his burden to state a prima facie case.  Accordingly, Plaintiff's fourth objection is **OVERRULED**.

Fifth, Plaintiff reasserts his conspiracy claims against Defendants Hackman, Barber, Moore, and Currie.  D.E. 19, p. 8-9, 16.  To state a claim for conspiracy under § 1983, Plaintiff must show that Defendants had "an agreement to commit an illegal act which resulted in the plaintiff's injury."  *Hay v. City of Irving*, 893 F.2d 796, 799 (5th Cir. 1990).  Conclusory allegations will not suffice.  *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992).  Moreover, a plaintiff alleging conspiracy must have suffered "an actual deprivation of a constitutional right."  *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984).

Plaintiff still has not pleaded facts sufficient to show or even suggest that Defendants had an *agreement* to commit an illegal act.  Moreover, because Plaintiff has no constitutional right to craft shop privileges, he has not suffered an actual deprivation of a constitutional right.  Plaintiff's conclusory allegations of conspiracy are insufficient to state a claim for relief.  Consequently, Plaintiff's fifth objection is **OVERRULED**.

Sixth, Plaintiff complains of the verbal threats he received at the hands of Defendants Mayer, Hackman, and Moore. D.E. 19, p. 10, 12, 16. As the Magistrate Judge observed, absent physical injury, allegations of verbal abuse do not present actionable claims under § 1983 or the Constitution. *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983. As a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation.") (internal quotation marks and citations omitted). The law on this point is clear. Plaintiff cannot state a claim for relief based on accusations of verbal abuse alone. Accordingly, Plaintiff's sixth objection is **OVERRULED**.

Seventh, Plaintiff reurges his claim for mental and emotional anguish suffered as a result of Defendant Hackman's threats to dispose of his craft shop property and Defendant Mayer's threats and intimidation in connection with "falsified and manufactured disciplinary cases" against Plaintiff. (D.E. 19, p. 10). Prisoners may not seek damages for mental or emotional injury unconnected with any physical injury. 42 U.S.C. § 1997e(e); *accord Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (holding that compensatory damages for mental and emotional injuries are non-recoverable absent physical injury). Plaintiff does not allege that he suffered a physical injury at the hands of any Defendants. Therefore, compensatory damages for mental or emotional harm are not recoverable. Plaintiff's seventh objection is **OVERRULED**.

Eighth, Plaintiff objects to the Magistrate Judge's conclusion that Defendant Currie cannot be subjected to liability under § 1983 for failing to respond to Plaintiff's

grievances and complaints. D.E. 19, p. 7. "[T]he fact that Plaintiff directed [correspondences] to Defendant Currie does not equate with Defendant Currie being personally involved in a constitutional violation. The Fifth Circuit has held that "[wardens] cannot be expected to intervene personally in response to every inmate letter they receive." D.E. 16, p. 12 (citing *Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004)). Furthermore, Plaintiff has no federally protected liberty interest in receiving a response to a grievance. *Geiger*, 404 F.3d at 373 (holding that any alleged due process violation arising from the alleged failure to investigate an inmate's grievances was indisputably meritless). Because Plaintiff has no constitutional right to have his grievances investigated, he cannot state a claim against Defendant Currie for failing to respond to those grievances. Plaintiff has not established a constitutional violation so his eighth objection is **OVERRULED**.

Ninth, Plaintiff insists that Defendant Mayer committed an actionable violation by filing a "falsified and manufactured" case against him. D.E. 19, p. 10. A prisoner's assertion that a defendant prison official brought false charges against him does not alone implicate his constitutional rights. *Palmisano v. Bureau of Prisons*, 258 Fed.Appx. 646, 648 (5th Cir. 2007) (citing *Castellano v. Fragozo*, 352 F.3d 939, 953-54 (5th Cir. 2003) (no constitutional claim based on tort of malicious prosecution)). The deprivations Plaintiff alleges he suffered as a result of the alleged false charges do not support a claim for violation of constitutional rights. The Magistrate Judge appropriately concluded that Plaintiff failed to state a claim against Defendant Mayer with regard to this allegation, and his ninth objection is **OVERRULED**.

Tenth, Plaintiff restates his claims that Defendant Hackman violated TDCJ policy by revoking his craft shop privileges and improperly handling his craft shop property. D.E. 19, p. 11-12. "[A] prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). In other words, the federal courts do not police a state agency's compliance with its own procedures when an alleged failure to comply does not implicate an interest protected by the U.S. Constitution. Because Petitioner has not alleged a violation of a constitutionally protected right, he has not stated a claim for relief against Defendant Hackman with regard to his craft shop privileges or property. Plaintiff's tenth objection is **OVERRULED**.

Eleventh, Plaintiff reasserts his retaliation claim against Defendant Hackman. D.E. 19, p. 13. A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). To state a valid claim for retaliation under § 1983, a plaintiff must allege: (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)). Causation requires the plaintiff to show that but for the retaliatory motive, the adverse act would not have occurred. *McDonald*, 132 F.3d at 231.

Some acts, even though they may be motivated by retaliatory intent, do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim because they are so *de minimis* that they would not deter the ordinary person from further exercising his rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). The Fifth Circuit has not defined a bright line rule for what adverse acts breach the *de minimis* threshold in a claim for retaliation, however, the frequency and length of the retaliatory action must be considered. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). For example, in *Morris*, transfer to a less desirable work assignment was not more than a *de minimis* adverse act, but transfer to a more dangerous unit was more than *de minimis*. 449 F.3d at 687. In *Ordaz v. Lynaugh*, 20 F.3d 1171 (5th Cir. 1994) (unpublished), the denial of recreation on one occasion was held to be a *de minimis* injury. Finally, in *Dickerson v. Johnson*, 234 F.3d 29, *1 (5th Cir. 2000) (unpublished), a single incident of food deprivation was *de minimis*.

As the Magistrate Judge observed, "the chronology of events supports [P]laintiff's claim of retaliation." D.E. 16, p. 17. However, the injury suffered by Plaintiff—a verbal reprimand and five days loss of recreation—does not constitute more than a *de minimis* injury. Given the very limited duration and degree of the ultimate consequences borne by Plaintiff as a result of Defendant Hackman's retaliatory action, the Court agrees with the Memorandum and Recommendation's conclusion that the harm suffered by Plaintiff was no more than *de minimis*, and thus, insufficient to sustain a retaliation claim under § 1983.

Alternatively, Plaintiff's retaliation claim against Defendant Hackman fails on the causation prong of the *Jones* test. In his Complaint, Plaintiff states that he was trying to retrieve his lost paper from the sidewalk near Building 3, and essentially admits to being "out of place," although not intentionally. D.E. 1, p. 7. The fact that, even absent retaliatory motive, Defendant Hackman could have written up Plaintiff for being out of place negates the "but for" causation required to establish a claim for retaliatory motive. Because Plaintiff's resulting injury was *de minimis*, or, in the alternative, Plaintiff has not met the causation requirement for a retaliation claim, his eleventh objection is **OVERRULED**.

Twelfth, Plaintiff complains that Defendant Moore denied his access to the law library. D.E. 19, p. 16. To prevail on a denial of access to the courts claim under § 1983, Plaintiff has to show that he suffered "actual injury." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). As stated in the Memorandum and Recommendation, "[a]lthough Plaintiff may have desired to file this lawsuit earlier, he did not suffer any prejudice" because "he was able to exhaust his administrative remedies and to prepare and file this lawsuit with no concerns regarding the statute of limitations or other prejudice." D.E. 16, p. 16. Because Plaintiff suffered no actual injury, he fails to state a claim based on denial of access to the courts. Plaintiff's twelfth objection is **OVERRULED**.

Next, Plaintiff complains that Defendant Moore has "conspired/hindered Plaintiffs with harassment and retaliation over the past several months with attempts to deny access to Courts by denying access to law library." D.E. 19, p. 16. Plaintiff further asserts that Defendant Moore "has gone all out with retaliation on third-party Plaintiff Braden." D.E.

19, p. 16. As discussed above, a valid claim for retaliation under § 1983, requires allegations of (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Jones*, 188 F.3d at 324-25.

With regard to himself, Plaintiff fails to state an actionable claim against Defendant Moore because he fails to allege that Defendant Moore retaliated against him for his exercise of a specific constitutional right (the second prong of the *Jones* test). With regard to Movant Braden suffering the same retaliation, Plaintiff fails to allege, apparently on Movant Braden's behalf, that any of the requirements articulated in *Jones* are satisfied. Because Plaintiff has not alleged sufficient facts to state a prima facie case for retaliation, Plaintiff's retaliation claim against Defendant Moore fails. Plaintiff's thirteenth objection is **OVERRULED**.

Finally, because Plaintiff has failed to state any claim upon which relief can be granted, he is not entitled to injunctive relief for any of his claims. To the extent that Plaintiff challenges the denial of injunctive relief, his objection is **OVERRULED.**

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and

conclusions of the Magistrate Judge. Accordingly, Plaintiff's Complaint (D.E. 1) is **DISMISSED**, and both Plaintiff's Motion for a Preliminary Injunction, (D.E. 13) and Movant Braden's Motion to Intervene as Third Party Plaintiff, (D.E. 15) are **DENIED** as moot.

    ORDERED this 21st day of January, 2014.

                                      _____
                                      NELVA GONZALES RAMOS
                                      UNITED STATES DISTRICT JUDGE